UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
_____

YOUNG AMERICANS FOR FREEDOM, et al.,

    Plaintiffs,

v.                                                                                   Case No. 3:24-cv-00163-ARS

U.S. DEPARTMENT OF EDUCATION, et al.

    Defendants.
_____

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**
_____

On November 22, 2024, the Northern District of New York issued a decision in *N.C. ex rel. Chu v. Rosa*, which Plaintiffs submit as supplemental authority in support of their motion for a preliminary injunction. The opinion can be viewed at 2024 WL 4870487 and is attached as Exhibit A.

*Chu* involves a challenge to a New York "early college program that permits eligible students interested in science, technology, and related fields to enter summer or year-long programs that give students a 'head-start' to pursue their career goals." 2024 WL 4870487, at *1. "The program defines eligible students as either (1) members of minorities that have been historically underrepresented in 'target fields'; or (2) those who are economically disadvantaged."[1] *Id.* "STEP defines underrepresented minorities as Black, Hispanic, American Indian, and Alaskan Native." *Id.* An Asian family (and various groups) sued, arguing that their middle school child would be eligible under pathway (1) but for his race. *Id.* The family had not applied because they knew it would be futile—the child could not qualify under pathway (2). *Id.* The defendant moved to dismiss, arguing a lack of standing. *Id.* at *3–4.

*Chu* is instructive on standing, which was argued extensively in the briefs and at oral argument. *E.g.*, ECF 10:3–6. The Court stated, "[the] program that provides two entry ways for eligible students: as either a historically underrepresented minority or as economically disadvantaged. ... [T]he Court is satisfied that plaintiffs have plausibly alleged the existence of a government erected barrier and that their children are members of the disadvantaged group because Asian-Americans are excluded from the list of historically underrepresented minorities." *Chu*, 2024 WL 4870487, at *3. On redressability, it said, "Plaintiffs' children cannot enter the program

---

[1] N.Y. Educ. Law § 6454 (defining eligible students as "secondary school students who are either economically disadvantaged or minorities historically underrepresented in the scientific, technical, health, and health-related professions as defined by the regents after consultation with the council").

1

through door one. And as plaintiffs have alleged, their children cannot pass through door two because they do not qualify as economically disadvantaged. However, this is not fatal to Plaintiffs' Article III standing." *Id.* at *4.

Dated: December 6, 2024

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.

*/s/ Skylar Croy*
Richard M. Esenberg
Daniel P. Lennington
Skylar Croy
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Fax: (414) 727-6385
Rick@will-law.org
Dan@will-law.org
Skylar@will-law.org

*Attorneys for Plaintiffs*