IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| YOUNG AMERICANS FOR FREEDOM, *et al.*,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　*Defendants*. | Case No. 3:24-cv-00163-ARS |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

#### INTRODUCTION

Defendants respectfully submit the following response in opposition to Plaintiffs' Motion to Alter or Amend a Judgment, ECF No. 21 ("Mot.") (corrected to Motion for Reconsideration, Docket Correction (January 27, 2025)).

Plaintiffs have not demonstrated that they are entitled to the extraordinary relief sought in their motion. On December 31, 2024, this Court issued an order and opinion finding that Plaintiffs lacked standing to bring their claims. ECF No. 19 ("Order"); *see also* ECF No. 20 ("Judgment"). The Court thus denied Plaintiffs' motion for a preliminary injunction and, because the Court lacks Article III subject matter jurisdiction, dismissed the case without prejudice. Order at 11. The Court's decision was correct. For all the reasons previously discussed, *see* ECF No. 9, at 7–13, Plaintiffs lack standing. Defendants raised this issue in their opposition to the motion for a preliminary injunction, Plaintiffs responded in their reply brief, and the issue was further discussed at the October 16, 2024 hearing. Plaintiffs thus had a full opportunity to present their arguments with regard to

1

standing prior to the Court's order, and the Court nevertheless correctly found that there was no standing. Regardless, Plaintiffs fail to meet the high burden for reconsideration because their motion identifies no manifest error of fact or law, newly discovered evidence, or other exceptional circumstances. Accordingly, Plaintiffs' motion for reconsideration should be denied.

## ARGUMENT

Plaintiffs' motion for reconsideration should be denied. Plaintiffs contend that, "had the Court considered Exhibit A [attached to their motion], . . . it would have concluded that an injunction would redress Plaintiffs' injuries." Mot. at 1. That exhibit, Plaintiffs say, "shows[ that] the 'performance period' was, in fact, five years; however, the 'budget period' was just one of those years." *Id.* at 2. Plaintiffs further claim that they would have raised this exhibit had the Court ordered further briefing on standing. *Id.* at 4.

Plaintiffs' motion, which cites to Rule 59(e), could be construed as a motion under either Rule 59(e) or Rule 60(b). In either event Plaintiffs do not meet the applicable standard for relief. "The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" *Id.* "By its terms, only Rule 60(b) encompasses a motion filed in response to an order," whereas "Rule 59(e) motions are motions to alter or amend a *judgment*." *Id.*

Under both Rule 59(e) and Rule 60(b), the bar for relief is incredibly high. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact

or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and citation omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995)).

> Rule 60(b), in turn, authorizes relief based on the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In general, Rule 60(b) allows for extraordinary relief "only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (citation omitted). Courts will deny a Rule 60(b) motion that does "nothing more than reargue, somewhat more fully, the merits of" an issue in the case. *Broadway*, 193 F.3d at 989–90; *see also Sanders v. Clemco Indus.*, 862 F.2d 161, 169–70 (8th Cir. 1988) (holding that a Rule 60(b) motion is properly denied if it raises "only issues of law that previously were rejected by the district court," and stating that "the failure to present reasons not previously considered by the court alone is a controlling factor against granting relief").

"[M]otions for reconsideration[] . . . are highly disfavored . . . ." *Blair v. Boyer*, No. 4:23-cv-00189 AGF, 2023 WL 6199754, at *1 (E.D. Mo. Sept. 22, 2023). Whether

3

Plaintiffs' motion is characterized as a motion under Rule 59(e) or Rule 60(b), the Court should deny it. Plaintiffs are not entitled to relief under Rule 59(e) because they identify no manifest error of fact or law in the court's decision, and the exhibit they attach, *see* ECF No. 21-1, is not "newly discovered" evidence, *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933, as it predates their Complaint and could have been attached to an earlier filing.[1] Similarly, Plaintiffs are not entitled to relief under Rule 60(b) because Plaintiffs' motion does not demonstrate that there are any "exceptional circumstances" warranting relief, *Jones*, 512 F.3d at 1048, and it does "nothing more than reargue, somewhat more fully, the merits of" the standing issue. *Broadway*, 193 F.3d at 989–90. This is not a sufficient basis for the Court to grant a motion for reconsideration, whether made under Rule 59(e) or Rule 60(b). *See id.* at 990; *Exxon Shipping Co.*, 128 S. Ct. at 2617 n.5.

Because Plaintiffs' motion for reconsideration at most attempts to reargue issues that were already raised or could have been raised before, it should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for reconsideration.

Dated:  March 10, 2025                    Respectfully submitted,

---

[1] According to Plaintiffs, the new exhibit indicates that "while grants are awarded once every five years, funds are dispersed by the Department annually." Mot. at 3. In addition to failing to provide a ground for reconsideration, this accounting detail does not undermine the Court's conclusion that "[o]nce the funding is awarded, the higher education institutions—not the Department—select applicants and administer the Program." Order at 7. Nor does it change the fact that the named Plaintiffs would not be eligible for the McNair program even if the Court had entered the requested relief, and that their injuries are thus not redressable. *See* ECF No. 9, at 7–12.

YAAKOV M. ROTH
Acting Assistant Attorney General

ELIZABETH TULIS
Assistant Branch Director

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
(D.C. Bar # 1660091)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*