UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

YOUNG AMERICANS FOR FREEDOM,
YOUNG AMERICA'S FOUNDATION,
AVERY DURFEE, & BENJAMIN ROTHOVE,

        Plaintiffs,

    v.

U.S. DEPARTMENT OF EDUCATION &
MIGUEL CARDONA,

        Defendants.

Case No. 3:24-CV-163

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO ALTER OR AMEND A JUDGMENT**

As Plaintiffs have already explained, this Court erroneously dismissed this action for lack of standing. No motion to dismiss was before it, and Plaintiffs did not have a meaningful opportunity to introduce evidence on issues of particular concern to this Court. Moreover, this Court appears to have functionally launched a factual attack upon its own subject matter jurisdiction when it should have constrained itself to the four corners of the complaint in addressing standing, given this action's procedural posture. At a minimum, this Court should not have dismissed this action but instead allowed Plaintiffs an opportunity to amend their complaint.

- 2 -

This Court should grant Plaintiffs' motion to alter or amend the judgment. The purpose of FRCP 59(e) is to allow courts to resolve honest mistakes in an economically efficient manner. *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (cleaned up) ("[FRCP 59] enables a party to request that a district court reconsider a just-issued judgment. … The Rule gives a district court the chance to rectify its own mistakes …."); *see also* 11 Fed. Prac. & Proc. Civ § 2810.1 ("Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment. … [T]he district court enjoys considerable discretion in granting or denying the motion."). Plaintiffs respectfully submit that such mistakes were made and that those mistakes can be fixed by granting their motion.

Defendants make a key error in their response. Defendants appear to say that no judgment has been entered, only an order dismissing the action. ECF 24, 2. Accordingly, Defendants believe or imply that Plaintiffs are not entitled to relief under FRCP 59(e), and Defendants spent much of their brief discussing FRCP 60(b).

This magic word game makes little sense. FRCP 54(a) defines a "judgment" as follows: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." *See also Judgment*, *Black's Law Dictionary* (12th ed. 2024) ("A court or other tribunal's final determination of the rights and obligations of the parties in a case; also, the act or action of making such a determination. • The term judgment includes an equitable decree and any order from which an appeal lies.").

Plaintiffs' motion concerns an order that can be appealed as a matter of right, so FRCP 59(e) is the proper vehicle for relief. The last sentence of the "Order Denying Motion for Preliminary Injunction" is: "**LET JUDGMENT BE ENTERED ACCORDINGLY**." ECF 19, 11. The "Order" itself says that a "judgment" must be entered. Pursuant to the "Order," the Clerk entered a "Judgment in a Civil Case," ECF 20, 1. The "Judgment in a Civil Case" reads: "the case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction." ECF 20, 1. These two documents (regardless of how they are titled) dispose of this action completely—they are not non-final in any respect.

Defendants largely rely on a single precedent in making this order v. judgment argument, *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999). That precedent is unhelpful. *Broadway* dealt with a "motion[] to reconsider" a "nonfinal order." *Id.* at 989. As the Eighth Circuit explained, "Rule 59(e) motions are motions to alter or amend a *judgment* not any nonfinal order." *Id.* Unlike *Broadway*, this action concerns a judgment that clearly meets FRCP 54's definition. It is final and can be appealed as a matter of right.

The remainder of Defendants' response largely quotes from FRCP 60(b) precedents. Defendants fail to meaningfully engage with FRCP 59(e). FRCP 59(e) is designed for a situation like this action. Honest mistakes were made, and this Court should "reconsider" its decision. *Banister*, 590 U.S. at 507. The four corners of the complaint are sufficient to withstand a facial challenge to standing, and this Court should not have looked beyond the complaint at this early stage, at least not without giving Plaintiffs a meaningful opportunity to address this Court's concerns.

Plaintiffs respectfully request that this Court reconsider its judgment and issue the preliminary injunction. If this Court is not so inclined, Plaintiffs submit that they should at least be allowed to amend their complaint. Defendants can then move to dismiss, and the factual issues that have troubled this Court can be decided in the ordinary course of litigation.[1] *Bucklew v. Lombardi*, 783 F.3d 1120, 1127 (8th Cir. 2015) (emphasis added) ("Without question, a district court has the power to dismiss a complaint *sua sponte*, *but only where plaintiff cannot possibly prevail and amendment would be futile*.").

Dated: March 17, 2025

          WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.

          */s/ Skylar Croy*
          Richard M. Esenberg
          Daniel P. Lennington
          Skylar Croy
          330 East Kilbourn Avenue, Suite 725
          Milwaukee, WI 53202
          Telephone: (414) 727-9455
          Facsimile: (414) 727-6385
          Rick@will-law.org
          Dan@will-law.org
          Skylar@will-law.org

          *Attorneys for Plaintiffs*

---

[1] Contrary to Defendants' characterizations, Plaintiffs are not trying to reargue issues that were previously argued. Plaintiffs' point is that the particular standing concerns raised by this Court were not argued by Defendants to begin with and that Plaintiffs deserve a meaningful chance to address them. Indeed, this Court's order contains lengthy block quotes from the preliminary injunction hearing precisely because the issues raised by this Court had not been addressed in the briefing. ECF 19, 7–8.