IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Young Americans for Freedom, Young American's Foundation, Avery Durfee, and Benjamin Rothove,<br><br>                    Plaintiffs,<br><br>vs.<br><br>U.S. Department of Education and Miguel Cardona,<br><br>                    Defendants. | **ORDER**<br><br>Case No. 3:24-cv-163 |

      This case was dismissed without prejudice for lack of subject matter jurisdiction because Plaintiffs Young Americans for Freedom, Young American's Foundation, Avery Durfee, and Benjamin Rothove (collectively, "YAF") lack standing. Docs. 19, 20. In particular, the Court found that an order granting YAF's desired relief would not redress its injuries. Doc. 19. Following dismissal, YAF filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Doc. 21. After careful review, YAF's motion (Doc. 21) is denied.

      Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Contl. Indem. Co. v. IPFS of New York, LLC, 7 F.4th 713, 717 (8th Cir. 2021) (quotations and citations omitted). YAF asks this Court to alter its judgment in light of its brief and a document it filed for the first time, titled "Grant Award Notification." Doc. 21-1. The document—dated August 9, 2022 and sent from the United States Department of Education to the

University of North Dakota—outlines the McNair Program grant award terms and conditions. Id. It shows that the five-year grant funding is allocated yearly, not in one sum. Id. at 1. The document also states that the University must submit all necessary reports to the Department of Education. Id. at 2. The requirements for a non-competing continuation award are as follows:

> In order for a grantee to receive a non-competing continuation award, a project must demonstrate substantial progress. For a McNair project to meet the criterion for substantial progress, the project must serve the statutory requirement of two-thirds of participants being low-income individuals who are first generation college students; and must serve 85% of the number of participants the project was funded to serve during each budget period.

Id. at 2-3. YAF presents this in response to the Court's finding that the redressability requirement for standing was not satisfied. YAF argues that "had the Court considered [the document], which shows that McNair projects are funded yearly, it would have concluded that an injunction would redress Plaintiffs' injuries. Additionally, this Court should not have dismissed their action but allowed Plaintiffs to amend their complaint." Doc. 21 at 2.

Not so. Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a court to *sua sponte* dismiss a case if it finds that it does not have subject matter jurisdiction. In every case, it is the plaintiff's burden to prove that the court has subject matter jurisdiction. The Department of Education first raised the issue of standing in its response to YAF's motion for a preliminary injunction. Doc. 9. On October 16, 2024, the Court held an evidentiary hearing on the motion and questioned YAF about standing. Doc. 15. The Court was not persuaded by the Department of Education's standing argument but found YAF lacked standing because any judgment by the Court would not redress their injuries. Doc. 19. It is the University of North Dakota and the University of Wisconsin-Madison that actually administer the McNair Program, as they choose whether to apply the racial eligibility criteria to students, and they select students. So, for the Court's order

and judgment to actually stop the Universities' alleged discrimination against students Rothove and Durfee, the Universities would have to be parties to this case.

YAF does not satisfy any of the three bases for the Court to alter or amend its judgment under Rule 59(3). First, the Grant Award Notification does not correct a manifest error or fact. YAF misunderstands the Court's judgment—believing that if the Court was made aware that McNair funding is distributed yearly, not in five-year lump sums, the judgment would be otherwise. While this is relevant to how much control the Department of Education has over the funding, it is not the whole apple. The universities are still the entities that actually select—or not select—students based on the racial eligibility criteria. 20 U.S.C. §§ 1070a-11, 1070a-15; 34 C.F.R. §§ 647.2, 647.3. An injunction enjoins parties, not statutes. The entities causing the alleged injury—the Universities—must also be parties to the case to afford YAF genuine relief.

Second, the Court's order does not contain a manifest error of law. YAF contends that the Court's "order does not comport with the relevant standard" because "Plaintiffs did not get the benefit of 'all reasonable inferences,' among other problems." Doc. 21, p. 5. This is wrong for two reasons. One, the Court had no basis to infer that funding was allocated in anything other than in five-year sums. The grants themselves are for five years, and when asked about it in the preliminary injunction hearing, YAF provided no information to suggest otherwise. Doc. 15, pp. 48-49, 78-79. Two, YAF is not entitled to "all reasonable inferences" because the Court engaged in a factual attack, not facial attack, of its subject matter jurisdiction. The Court did not restrict itself to the face of the complaint, looking to YAF's motion for a preliminary injunction (Doc. 7), the response (Doc. 9), the reply (Doc. 10), and the hearing on the motion (Doc. 15). "In a factual attack on a court's jurisdiction, 'the court considers matters outside the pleadings, and the non-moving party does not have the benefit of [Rule] 12(b)(6) safeguards.'" Sleighter v. U.S., No.

5:24-CV-05014-RAL, 2025 WL 238880, at *2 (D.S.D. Jan. 17, 2025) (quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). As such, YAF is not entitled to "all reasonable inferences."

Third, the Grant Award Notification is not newly discovered evidence; nor could it be as it is dated August 9, 2022.

In sum, YAF's motion (Doc. 21) under Federal Rule of Civil Procedure 59(e) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of May, 2025.

                                                  */s/ Peter D. Welte*
                                                  Peter D. Welte, Chief Judge
                                                  United States District Court